**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA DOWLING, et al.,** | ) | **CASE NO. 1:07 CV 2320** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **THE CLEVELAND CLINIC** | ) | |
| **FOUNDATION, et al.,** | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Renewed Motion for Summary Judgment of Defendants, The Cleveland Clinic Foundation, Cleveland Clinic, and Cleveland Clinic Health System (Docket #43).

Plaintiffs filed this case on August 3, 2007, alleging that Defendants were "negligent and careless" in allowing "water to spill, accumulate, and/or remain on the floor" of Defendants' facility, thereby causing a dangerous condition which led to Plaintiff, Patricia Dowling's, slip and fall. See Complaint at Paragraph 5. On January 9, 2008, Defendants filed their first Motion for Summary Judgment, which this Court granted on June 5, 2008. This Court found that while Defendants failed to prove that the condition causing Mrs. Dowling's fall was open and obvious, Plaintiffs have presented no evidence that Defendants created, were aware of, or had

constructive knowledge of the hazardous condition.

On June 16, 2008, Plaintiffs filed a Motion to Alter, Amend and/or Vacate this Court's Order granting summary judgment and dismissing the case. (Docket #28.) Counsel for Plaintiffs discussed various difficulties encountered during discovery and the fact that Counsel relocated his law practice. Counsel requested that Plaintiffs be granted additional time to conduct discovery in light of the circumstances which prevented Counsel from filing a more thorough response to Defendants' Motion for Summary Judgment. The Court reviewed Plaintiffs' Motion, as well as the opposition to said Motion filed by Defendants, and the subsequent Reply and Sur-Reply briefs filed. A status conference was held on August 6, 2006, at which time the Court, based upon the briefs filed and the discussion between the Parties, granted Plaintiffs' Motion to Vacate Judgment and reinstated the case for the purpose of permitting Plaintiffs to depose Defendant Cleveland Clinic's Risk Management Director. (Docket #36.)

A status conference was held on October 8, 2008 (Docket #40), at which time the Court was informed that Plaintiffs had completed the requested deposition and had filed a Motion for Extension of Time to conduct additional discovery (Docket #38). Defendants opposed Plaintiffs' Motion for Extension and filed a motion for an order reinstating this Court's previous summary judgment ruling. (Docket #41.) Another status conference was held on November 7, 2008, at which time the Court denied both the Motion for Extension filed by Plaintiffs and the Motion to Reinstate filed by Defendants. (Docket #42). The Court ordered the Parties to refile motions for summary judgment by November 20, 2008, and that any response was due by December 4, 2008.

**Factual History**

On April 27, 2004, Plaintiff traveled to the Cleveland Clinic from Kentucky for

consultation with a physician in the department of hematology. (Dowling Depo. P. 30.) On the way to her appointment, around lunchtime, Plaintiff states that she slipped and fell in a hallway located between the cafeteria and lobby. (Id. at pp. 30-32.) During her deposition, Plaintiff testified that she fell in a wide, tiled hallway; there was nothing concealing her view of the hallway; and, that the water would have been visible had she looked down to the floor. (Dowling Depo. at pp. 32, 37, 39, 41- 42.)

In addition to the above, Mrs. Dowling stated that she has no knowledge as to where the water in the hallway came from; she has no knowledge of any other individuals falling in the hallway; she has no knowledge that any Cleveland Clinic employee was made aware of the water in the hallway or that anyone associated with The Cleveland Clinic Foundation was responsible for the accumulated water; and, that she has no knowledge as to how long the water was in the hallway prior to her fall. (Id. at pp. 38-41.)

On September 30, 2008, Plaintiffs took the deposition of Katherine MacKenzie, Defendants' Facility Manager. Ms. Mackenzie testified that she was never an employee of Defendant Cleveland Clinic, but was an employee of the company Crothall, a health service contractor hired by the Cleveland Clinic to take care of the hiring, training and oversight of the Cleveland Clinic's Environmental Services Department. Ms. MacKenzie testified that she was not aware of any prior reports of falls in the areas in which Mrs. Dowling is alleged to have fallen. (MacKenzie Depo. at pp. 79-80.) Ms. MacKenzie testified that the area where Mrs. Dowling fell was subject to continuous, constant monitoring by employees who were dedicated to the area. (MacKenzie Depo. at pp. 43, 60-61.) Plaintiffs also cite Ms. MacKenzie's acknowledgment that the chances of a spill would be greater near the cafeteria around breakfast or lunch because of increased activity. (Id. at 46.) Plaintiff cites Ms. MacKenzie's testimony

that a spill in the area at some point would be "inevitable."

Plaintiffs seem to allege, though not explicitly, that Defendants' misrepresented that Ms. MacKenzie was the employee in charge of supervision, maintenance and condition of the public hallway where the alleged slip and fall occurred. Further, Plaintiffs also discuss the fact that Ms. MacKenzie testified that she was not advised of the Notice of Deposition Duces Tecum until the morning of her deposition and that she would have had responsive documents had she been aware.

### Defendants' Motion for Summary Judgment

On November 20, 2008, Defendants filed their Renewed Motion for Summary Judgment. (Docket #43.) Defendants argue that the deposition testimony of Mrs. Dowling defeats her claim, indicating that the water on the floor was an "open and obvious condition." Citing *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d 79 (2003), Defendants assert that as a business owner, they were required to exercise ordinary care to keep the premises in a reasonably safe condition and had a duty to warn an invitee of latent or hidden dangers. (Motion for Summary Judgment at p. 8.) However, Defendants assert that because the danger was open and obvious, it served as its own warning. (Id. at p. 9.) Defendants argue that invitees have a duty to pay attention and look where they are going. (Id. at p. 10.) Defendants state that Mrs. Dowling would have observed the water had she looked and, therefore, Defendants owed her no duty of care. (Id.) Defendants argue that by her deposition testimony, Mrs. Dowling admitted that the condition causing her slip and fall was open and obvious and, therefore, that her claims cannot withstand summary judgment. (Id. at p. 13-14.)

Defendants also argue that even if the condition were not open and obvious, summary judgment is appropriate because there is no evidence that Defendants had actual or constructive

knowledge of the alleged water. (Id. at p. 14.) Defendants cite Mrs. Dowling's deposition testimony that she has no knowledge, or evidence, as to the cause of the accumulation of water; whether any employee of defendants was aware of the accumulation of water; how long the water had been in the hallway; or that any other individual fell in the hallway so as to put defendants on notice of the condition. (Motion for Summary Judgment 14-15; Depo. at pp. 38, 40-41.) Defendants cite the testimony of Ms. MacKenzie that there she was not aware of any prior slip-and-fall type injuries that occurred in the area where Mrs. Dowling fell.

On December 4, 2008, Plaintiffs filed their Response to Defendants' Motion for Summary Judgment. (Docket #20.) Plaintiffs state that a genuine issue of material fact exists as to whether Defendants had constructive notice of the condition that allegedly caused Mrs. Dowling to slip and fall. Plaintiffs argue that a jury could infer that the condition of the floor could have been discovered prior to Mrs. Dowling's fall. (Opposition at p. 2.)

Plaintiffs also discuss difficulty scheduling the deposition of Defendants' risk manager and seem to relate, although not explicitly, that Ms. MacKenzie, who was offered by Defendants as the person responsible for supervision, maintenance and the condition of the hallway in question, was not the appropriate person to speak to these matters. (Response at pp. 2-3.) Further, Plaintiffs discuss the fact that Ms. MacKenzie did not bring responsive documents to her deposition, as she was not made aware of the Notice of Deposition Duces Tecum until the morning of her deposition. (Id. at p. 2.)

Finally, Plaintiffs discuss the testimony of Ms. MacKenzie that the area where Mrs. Dowling fell was subject to continuous monitoring and that it was foreseeable that someone may spill something in the area because of its location near the cafeteria, especially during breakfast and lunch. (Id.) Plaintiffs argue that if the premises were "continuously monitored" as testified

to by Ms. MacKenzie, then a jury could infer and conclude that the Cleveland Clinic's employees should have discovered the alleged puddle and removed it before Mrs. Dowling was injured. Plaintiffs state that based on the foregoing, along with the absence of documents that should have been produced at Ms. MacKenzie's deposition, Defendants' Renewed Motion for Summary Judgment should be overruled.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## DISCUSSION

A business owner owes a duty to its invitees to maintain the premises in a "reasonably safe condition" and to warn of hidden or latent dangers. *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 497, 693 N.E.2d 807 (1996). However, a business owner owes no duty to warn invitees of open and obvious conditions. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d

79, 2003 Ohio 2573, 788 N.E.2d 1088 (2003).

### A. Open and Obvious.

Standing alone, Mrs. Dowling's testimony, that had she looked down she would have seen the water, is insufficient to prove that the water on the floor was an open and obvious condition. *Destazio v. Flying J., Inc.*, No. 3:05 CV 7209, 2006 U.S. Dist. LEXIS 2489, at *5-6 (N.D. Ohio, January 20, 2006). "Ohio courts hold that a person is not required to constantly look downward while walking to avoid injury." *Id.* at *5 (citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 680 693 N.E.2d 271 (1998)). In *Destazio*, the Court went on to state that "this rule is especially apt in a location where goods are displayed in a manner intended to call them to a customer's attention and cause them to select items for purchase. *Id.* (citing *Carpenter v. Glassman, Inc.*, 124 Ohio App. 3d 236, 240, 705 N.E.2d 1281 (1997).

In *Destazio*, the plaintiff slipped on water six inches in length, located near a display at the end of an aisle. The Court held that while "the plaintiff's statement can be considered by the jury, it is not, standing alone, proof that a small amount of water, which is transparent by nature, could, in fact, have been seen by Destazio." *Id.* at *6. Whether the water was an open and obvious condition was an issue for the jury. *Id.*

In this case, although Mrs. Dowling testified that she fell in a wide hallway, with no obstructions, she also testified that it was a busy area, near the cafeteria at lunchtime. As the Sixth Circuit discussed in *Destazio*, Mrs. Dowling was not required to constantly look downward so as to avoid injury. Further, in this case, unlike many cases in which a plaintiff's slip and fall claim fails due to an open and obvious hazard, water is not reasonably expected to exist on a floor of this kind. *See Trimble v. Frisch's Ohio, Inc.*, 2007 Ohio 4616, 2007 Ohio App. LEXIS 4152 (Ohio Ct. App., Clark County 2007). Accordingly, reasonable minds could reach different

conclusions on whether the condition and the hazard associated with it that caused Mrs. Dowling's fall were open and obvious.

### B.     Knowledge.

Notwithstanding the foregoing, Plaintiffs' negligence action fails, as Plaintiffs have failed to prove that Defendants created, were aware of, or had constructive knowledge of the hazardous condition. *Combs v. First Nat'l Supermarkets, Inc.*, 105 Ohio App. 3d 27, 29, 663 N.E.2d 669 (1995) (quoting *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943)). Mrs. Dowling testified that she possesses no knowledge, or evidence, as to the cause of the accumulation of water; whether any employee of defendants was aware of the accumulation of water; how long the water had been in the hallway; or that any other individual fell in the hallway so as to put defendants on notice of the condition. (Depo. at pp. 38, 40-41.) While Ms. MacKenzie testified that the area where Mrs. Dowling fell was subject to constant monitoring, and that it was foreseeable that someone would spill liquid in the area because of its location near the cafeteria, she also testified that she has no knowledge of actual prior spills or falls in the area where Mrs. Dowling fell. There is simply no evidence that Defendants had any knowledge of the alleged hazard and no evidence upon which to impute knowledge to Defendants

Plaintiffs' rely upon the decision in *Fields v. Kroger Co.*, Case No. 4-89-19, unreported, 1991 Ohio App. LEXIS 420 (3rd Dist. Jan. 15, 1991). In *Fields*, the Ohio Court of Appeals for the Third Appellate District, Defiance County, concluded that although Kroger, the business owner, had no actual knowledge of a grape on the floor upon which Mrs. Fields slipped and fell, a jury could conclude that if the condition existed fifteen or twenty minutes, Kroger should have discovered it and removed it. (Id. at *2-3.) The floor had been checked approximately 15 minutes prior to Mrs. Field's fall, by an employee who was responsible for monitoring the floor.

(Id. at *2.)  The Court held that "reasonable minds could disagree as to whether a period of fifteen to twenty minutes may be sufficient to permit imputing to [Kroger] the duty of discovering the condition which led to [Mrs. Field's] injury."  (Id. at *3.)

The Court is not persuaded by the decision in *Fields*.  The only evidence before this Court is that Mrs. Dowling slipped and fell, in a hallway, which was constantly monitored by the Cleveland Clinic Environmental Services Department.  This is different from the scenario in *Fields*, in which the Court held that constructive knowledge could be inferred due to the passage of 15 minutes, what may be determined by the fact-finder to be a significant length of time, during which the condition could have been discovered.  In the instant case, there is no evidence that any period of time passed in which someone should have discovered a spill prior to Mrs. Dowling's fall.  As there are no genuine disputes as to any material facts, Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

While Defendants failed to prove that the condition causing Mrs. Dowling's fall was open and obvious, Plaintiffs have presented no evidence that Defendants created, were aware of, or had constructive knowledge of the hazardous condition. Accordingly, Defendants' Renewed Motion for Summary Judgment (Document #43) is GRANTED.  This case is hereby TERMINATED.

IT IS SO ORDERED.

                                             s/Donald C. Nugent
                                            DONALD C. NUGENT
                                            United States District Judge

DATED: January 12, 2009